**Samuel LEAL and Milchem, Inc., Appellants,**

v.

**Christina Raquel RAMIREZ, Appellee.**

No. 16027.

Court of Civil Appeals of Texas, San Antonio.

Dec. 27, 1978.

Rehearing Denied Jan. 24, 1979.

M. W. Meredith, Jr., William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellants.

Mann, Freed, Kazen & Hansen, Laredo, for appellee.

OPINION

CADENA, Chief Justice.

Samuel Leal and Milchem, Inc., two of the three defendants below, appeal from an order of the district court of Webb County overruling their pleas of privilege. It is undisputed that Leal and Milchem are not residents of Webb County, and that the third defendant in the case, Eva Martinez Ramirez, executrix of the estate of Romulo Israel Ramirez, deceased, is a resident of Webb County.

Ofelia V. Ramirez, widow of Heberto J. Ramirez, filed suit on her own behalf and as next friend of Christina Raquel Ramirez and Ana Laura Ramirez, minor children of Heberto J. Ramirez and Ofelia V. Ramirez; Sara Alicia Ramirez Rodriguez, Jaime Luis Ramirez and Heberto L. Ramirez, children of Heberto J. Ramirez. The purpose of the suit was to recover damages for the death of Heberto J. Ramirez as the result of injuries received in a vehicular collision on Highway 359 in Webb County. At the time of the collision, Heberto J. Ramirez was a passenger in a pickup truck being operated by Romulo Israel Ramirez, which came into collision with a flatbed truck being operated by Samuel Leal, employee of Milchem, Inc. It is undisputed that at the time of the accident Leal was acting within the scope of his employment.

In their controverting plea plaintiffs relied on subdivisions 4 and 9a of our venue statute, Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), as the basis for maintaining the suit against Leal and Milchem in Webb County.

The driver of the vehicle in which Heberto J. Ramirez was a passenger at the time of the collision, Romulo Israel Ramirez, was also killed in the accident. The widow and children of the driver also filed suit to recover damages for his death. In that case, which will be referred to in this opinion as the "driver's suit," the defendants were only Leal and Milchem, both of whom filed pleas of privilege which were overruled by the trial court. In an opinion not yet published, we held that the evidence was suffi-
cient to sustain venue in Webb County under subdivision 9a of the venue statute. *Samuel Leal et al. v. Javier Ramirez*, 576 S.W.2d 456 (No. 16026, Tex.Civ.App.—San Antonio December 20, 1978). The evidence in this case, No. 16027, is the same as the evidence in No. 16026, and requires an affirmance of the order overruling the plea of privilege, based on subdivision 9a, unless there is merit to the complaints of Leal and Milchem in this case which were not involved in No. 16026.

Insofar as subdivision 9a is concerned, the issues involved here which were not before us in No. 16026 are raised by appellants' first four points complaining of the fact that the trial court erred in denying appellants separate venue hearings in the driver's case and in this case. Appellants' contentions may be summarized as follows:

1. By refusing to have separate hearings, the trial court gave plaintiffs in this case an undue advantage by allowing them to "ride the coattails" of plaintiffs in the driver's case without being required to offer any evidence sustaining venue in Webb County as to Milchem and Leal. Appellants assert that the evidence which might be offered in the driver's case "may not have been offered by [plaintiffs] in this case."

2. The trial court, by refusing to have separate hearings, required the attorney for Milchem and Leal to defend two lawsuits at the same time.

3. This case and the driver's case were separate suits, bearing separate docket numbers. There was not a complete identity of parties, and this case involved subdivisions of Article 1995 (particularly subdivision 4), which were not involved in the driver's case.

4. Leal and Milchem were prejudiced by the refusal to have separate hearings because, in defending against plaintiffs' invocation of subdivision 9a in the driver's case, they were forced to offer evidence of the negligence of the driver, with the result that Leal and Milchem, in effect, would be assisting plaintiffs in this case by showing negligence of the driver, thereby helping to establish a cause of action against the resi-

dent defendant in this case for the purpose of sustaining venue against Leal and Milchem under subdivision 4.

Under subdivision 4, plaintiffs in this case would discharge their burden by pleading and proving a cause of action against the resident defendant.[1]

The hearing on the pleas of privilege filed by Leal and Milchem in this case was set at the same time as the hearing on the pleas of privilege filed by Leal and Milchem in the driver's case. At the outset, Leal and Milchem insisted on separate hearings. The trial court pointed out that he understood that the same witnesses would testify in both cases, and that no useful purpose would be served by having the witnesses testify at one hearing in the morning and then return to repeat the same testimony in the afternoon. The court expressly stated that the two cases were not being "consolidated," and when asked if the result of his ruling was that there would be a joint trial he replied that that was the "practical effect" of his ruling, but that he did not want to use the term "joint trial" because there might be a distinction between a "hearing" and a "trial." The court said that he would hear all the witnesses any of the parties to the two cases cared to offer and would be "generous" in allowing the attorneys to cross-examine all witnesses. He then added that after hearing all of the testimony in the morning he would in the afternoon grant a motion that he take judicial notice of the testimony presented in the morning. After prolonged discussion, the court ruled that counsel for plaintiffs in the driver's case would conduct direct examination first, after which counsel for Leal and Milchem would be permitted to cross-examine. Counsel for plaintiffs in the driver's case would then conduct re-direct examination and then counsel for plaintiffs in this case would be permitted, if he wished, to examine the witness.

It is clear that the trial judge contemplated that attorneys for all parties in both cases would be permitted to examine witnesses, to call witnesses and to cross-examine so that all parties might develop their cases as they desired. During the discussion counsel for Leal and Milchem pointed out that in attempting to defeat plaintiffs' attempt to sustain venue in Webb County in the driver's suit, it would be forced to introduce evidence seeking to establish that the driver was negligent, and that in so doing it would necessarily be introducing evidence which would support the claim of plaintiff in this case that Leal and Milchem could be sued in Webb County under subdivision 4.

In answer to a direct inquiry from the bench, counsel for Leal and Milchem said that the evidence in both hearings would be the same. After further discussion, it was determined that the court would first hear the driver's case, since that case had been filed prior to this suit.

We overrule the contention that the procedure followed prejudiced the rights of Leal and Milchem. In the face of the admission by Leal and Milchem in open court that if separate hearings were held the evidence presented at each hearing would be the same, it is impossible to contend that separate hearings, with the second hearing consisting of a mere repetition of the testimony heard at the first hearing, would have produced a different result. We find nothing in the record to support the contention of Leal and Milchem that the procedure followed resulted in shifting the burden of proof from plaintiffs in this case to defendant.

The trial court filed no findings of fact or conclusions of law, and the order overruling the pleas of privilege does not recite that it is based on any particular subdivision of the venue statute. The testimony, as we have said, is sufficient to support findings that the suit could be heard in Webb County

---

1. Under subdivision 4, if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. A plaintiff relying on this subdivision must allege and prove a cause of action against the resident defendant and must show that the party claiming his privilege is a proper party to the action against the resident defendant. 1 R. McDonald, Texas Civil Practice § 4.10.2 at 434–39 (rev. 1965).

under subdivision 9a. Since Leal and Milchem do not contend that a separate hearing in this case would have resulted in different or additional testimony concerning the "venue" facts which must be established in order for plaintiffs to invoke subdivision 9a, there is no basis for holding that the error, if any, of the trial court in proceeding as it did requires a reversal. Reliance on subdivision 9a as the basis for overruling the pleas of privilege is justified under the testimony even if we disregard all evidence tending to show that the driver of the vehicle in which the deceased in this case was riding was negligent.

All of appellants' other points challenge the sufficiency of the evidence to sustain venue in Webb County under other subdivisions of the venue statute. In view of our conclusion that the case was properly filed in Webb County under subdivision 9a, we need not consider whether the court erred in holding, if it did so hold, that subdivision 4, or any other subdivision, was applicable.

The judgment of the trial court is affirmed.